JIMMY J. HUFFMAN, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Huffman v. Commissioner
Docket No. 7491-79.
United States Tax Court
T.C. Memo 1980-574; 1980 Tax Ct. Memo LEXIS 3; 41 T.C.M. (CCH) 619; T.C.M. (RIA) 80574; December 30, 1980
Jimmy J. Huffman, pro se. Linda L. Wong, for the respondent. FEATHERSTON
MEMORANDUM OPINION FEATHERSTON, Judge: Respondent determined a deficiency in the amount of $ 963.62 in petitioner's self-employment tax for 1977. The only issue for decision is whether the self-employment tax is constitutional. At the time the petition was filed, petitioner was a legal resident of Irving, Texas. Petitioner and his wife, Ramona A. Huffman, filed a joint Federal income tax return for 1977 with the Internal Revenue Service *4 Center, Austin, Texas. During 1977 petitioner was engaged in the business of manufacturing picture frames. On the joint Federal income tax return for 1977, petitioner reported $ 12,197.67 as income from that business but failed to report any self-employment income. Petitioner's sole contention is that the self-employment tax imposed by section 1401(a) [1] as part of the social security system is unconstitutional. In making this contention he places heavy emphasis on his view that the social security system is poor public policy, that it does not apply to civil service employees, and that its exemptions on religious grounds are discriminatory. In , cert. denied , the Court discussed , which sustained the social security tax and in doing so rejected the public policy arguments advanced by petitioner as follows: Whatever in the long march of history may be discovered *5 and said as to which were the wiser views, from the standpoint of policy and judgment, those of the majority or those of the minority in the Davis case, we certainly can find no warrant in law for holding that, considered from the standpoint of its power, congress could not do what was in question there. Neither can we find any for the view that it cannot do what it has done and is doing here, legally impose and legally collect an additional income tax on income derived from self employment, just as it can do, and has long been doing, legally impose and as legally collect an additional income tax from persons otherwise employed. As to petitioner's civil service employment argument, the court's comments () are pertinent: Congress can constitutionally, in imposing income taxes, distinguish between earned and unearned income and between income from various kinds of property and occupations and has often done so. We do not think the provisions of section 1402(g) for the exemption of members of certain religious faiths are constitutionally infirm. , affg. a Memorandum Opinion *6 of this Court, cert. denied ; ; . We are aware that petitioner is deeply sincere in his views with respect to the disputed tax but we are compelled to sustain respondent's determination. To reflect the foregoing, Decision will be entered for the respondent. Footnotes
1. All section references are to the Internal Revenue Code of 1954, as in effect during the tax year in issue, unless otherwise noted.↩